IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| STERLING BRIDGES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. 5:15-cv-00038-CAR |
| | ) | |
| PERFORMANT RECOVERY, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Sterling Bridges ("Plaintiff") responds herein to the motion for judgment on the pleadings filed by Defendant Performant Recovery, Inc. ("Defendant"). In support thereof, Plaintiff respectfully states the following:

**I.     Introduction**

Defendant sent two collection letters with conflicting information regarding the amount of time Plaintiff had to exercise his FDCPA rights. Defendant claims there was no contradiction; its second letter simply gave Plaintiff an *additional* 30 days. But its first letter contradicts this claim, adding to the overall confusion. Even Defendant's case law supports Plaintiff's claim that the second letter, sent within the original 30-day period, contradicts and overshadows the important notices conveyed by the first letter. Defendant's motion must be denied.

## II. Statement of Relevant Facts

Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3). Doc. 1 at ¶ 16. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6). *Id*. at ¶ 18. In connection with the collection of a debt, Defendant sent Plaintiff an initial written communication dated February 7, 2014 ("the First Letter"). *Id*. at ¶ 22. On the back of the First Letter, Defendant stated the following:

> IMPORTANT NOTICE OF RIGHTS
>
> *If this is the first notice you receive, be advised that:*
>
> UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

Doc. 1-1 at 3.

Within the initial 30-day period described in the First Letter, Defendant sent Plaintiff another written communication, dated March 4, 2014 ("the Second Letter"). Doc. 1 at ¶ 25. The Second Letter contained the following language:

**DELINQUENT DEBT VERIFICATION NOTICE**

\*\*\*

Unless you notify Performant Recovery, Inc., within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you request us in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

\*\*\*

**SEE THE REVERSE SIDE FOR IMPORTANT INFORMATION**

Doc. 1-2 at 2.

By including the aforementioned language, the Second Letter misrepresented that Plaintiff had an additional 30 days within which the debt could be disputed. Doc. 1 at ¶ 29. Upon information and belief, all written correspondence that Defendant mails to consumers in connection with the collection of debts contain these notices on the reverse side, irrespective of whether they are the initial communication or sent within 5 days thereof. *Id.* at ¶ 32.

**III. Procedural History**

On February 6, 2015, Plaintiff filed a putative class action complaint against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, alleging violations of § 1692e and § 1692g(b). Doc. 1 at ¶¶ 51-56.

On May 6, 2015, Defendant filed its answer. Doc. 11. On June 5, 2015, the Court entered a scheduling order setting the timing for discovery in this matter. Doc. 15. On June 21, 2015, Defendant filed a motion for judgment on the pleadings and a memorandum in support thereof. Doc. 17; Doc. 17-1.

## IV.  Standard of Review

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *Id*. "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id*.

## V.  Argument

The manner by which Defendant mails collection letters violates a vital provision of the FDCPA. The First Letter, dated February 7, 2014, properly informed Plaintiff that he had 30 days from the receipt of the letter to exercise his rights under § 1692g. But, by reiterating those rights in the Second Letter, dated March 4, 2014, Defendant misleads the reader into believing he has an additional 30 days to make a written dispute or request for information regarding the original

creditor, when, in fact, no such right exists under the law. After the 30-day period—which starts with the receipt of the First Letter—has expired, a debt collector is neither required to respond to written disputes, nor to cease collection of the debt until doing so.

And because the Second Letter was sent within the original 30-day period, Defendant also violated § 1692g(b) by overshadowing or contradicting the disclosure of the rights set forth in the First Letter. That is, the consumer would be misled into believing that he had 30 days from the date of the Second Letter to dispute the debt and exercise their rights, as stated in the Second Letter, when that statement is false. The Second Letter therefore overshadows the disclosure of the actual 30-day period. The FDCPA being a strict liability statute, Defendant is liable for its violations, notwithstanding any good faith on its part.

While Defendant cites a handful of cases which hold that a debt collector may offer a debtor more rights than exist under the FDCPA, this line of reasoning has been called into question. A majority of courts have concluded that a debt collector still violates the FDCPA, despite its claim that it has afforded, or would have afforded, the debtor additional rights. What's more, some of the cases Defendant cites involved a subsequent letter sent *outside* the original 30-day dispute period. Therefore, many of these cases did not address § 1692g(b), though

some suggest it would be violated if the letter were sent within the original 30-day period.

Finally, Defendant's argument that the Second Letter actually re-started the 30-day period is undermined by the fact that the notice of rights on the back of the First Letter is qualified by the statement that it is applicable only "[i]f this is *the first notice* you receive..." Doc. 1-1 at 3 (emphasis added). This renders Defendant's key argument disingenuous, makes the Second Letter facially confusing, and raises the factual question of whether Defendant was actually offering additional time for Plaintiff to exercise his rights. For these reasons, the Court must deny Defendant's motion.

### A. The FDCPA prohibits debt collectors from making representations that would be false, misleading, or deceptive to the "least-sophisticated consumer."

The FDCPA creates a broad prohibition against the use of misleading, deceptive, or false representations in the collection of debts. 15 U.S.C. § 1692e. A debt collector's letter is deceptive if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1195 (11th Cir. 2010).

"Courts in the Eleventh Circuit employ the 'least-sophisticated consumer' standard to evaluate whether a debt collector's communication violates § 1692e of

the FDCPA." *Walker v. Greenspoon Marder, P.A.*, No. 13-CV-14487, 2014 WL 7174220, at *2 (S.D. Fla. Dec. 17, 2014).

> **B.      The FDCPA requires debt collectors to send a notice of their federally protected rights under 15 U.S.C. § 1692g—and it prohibits subsequent, contradicting communications.**

"Section 1692g(a) requires a debt collector, '[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt,' to send written notice verifying the debt and instructing how the consumer can dispute the debt." *Clark v. Shapiro and Pickett, LLP*, 452 Fed. Appx. 890, 895 (11th Cir. 2012).  Specifically, the written notice must state:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

If a debtor makes a timely written request pursuant to § 1692g(a)(4) or § 1692g(a)(5), the debt collector is then obligated under § 1692g(b) to respond to the request before proceeding with further collection action. *See Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 374 F.3d 1011, 1014 (11th Cir. 2004), *as revised* (Aug. 3, 2004) ("The plain language of Section 1692g(b) mandates that a debt collector 'cease collection of the debt' once verification is requested."). Thus, the ability to dispute and trigger the verification process or request information about the original creditor provides the debtor with peace of mind, enabling him to forestall collection efforts and defer discussing the debt with the collector until after the collector has provided additional information about the debt.

This provision of the FDCPA is *so important* that, in 2006, Congress amended § 1692g—the first time it had amended the FDCPA in more than a decade—to ensure that these important rights were not improperly buried in fine print or overshadowed by subsequent collection notices. The amendment added the following language, in relevant part:

> Any collection activities and communication *during the 30-day period may not overshadow or be inconsistent* with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b) (emphasis added).

In the Eleventh Circuit, "the determination of whether language overshadows the validation notice is a question of law." *Shimek v. Weissman,*

8

*Nowack, Curry & Wilco, P.C.*, 323 F. Supp. 2d 1344, 1349 (N.D. Ga. 2003) *aff'd,as revised* (Aug. 3, 2004) 374 F.3d 1011 (11th Cir. 2004).

### C. The FDCPA is a strict liability statute.

A debt collector is charged with strict compliance with the FDCPA's requirements. *See Stewart v. Slaughter*, 165 F.R.D. 696, 699 (M.D. Ga. 1996) ("The FDCPA is a strict liability statute, so that whether or not the person was actually duped is irrelevant.") (internal citation omitted). Establishing a violation "does not ordinarily require proof of intent[]." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010). "Structured as such, the FDCPA functions both to protect the individual debtor and advance the declared federal interest in 'eliminat[ing] abusive debt collection practices.' " *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d 443, 449 (6th Cir. 2014), *as amended* (Dec. 11, 2014) (quoting 15 U.S.C. § 1692(e)).  Thus, Defendant is liable to Plaintiff and the class he seeks to represent notwithstanding any claim of good faith on its part.

### D. The Second Letter violates the FDCPA at § 1692e because it confuses the debtor regarding his or her rights to make a written request for verification.

The Second Letter, dated March 4, 2014, sent less than 30 days after the First Letter, falsely represents that Plaintiff had an additional 30 days to exercise his rights under § 1692g.  In fact, the 30-day period began when Plaintiff received the First Letter, dated February 7, 2014.  This would mislead the least sophisticated

9

consumer into believing—incorrectly—that he did not need to act sooner to invoke his rights. This misrepresentation, or the confusion it may cause, violates § 1692e. *See Norton v. Wilshire Credit Corp.*, 1997 U.S. Dist. LEXIS 23360, *25-26 (D.N.J. July 14, 1997) ("The letters sent by Wilshire to Norton . . . on their face violate § 1692e, because they serve to deceive the least sophisticated debtor into believing that he may have an additional thirty days to dispute the debt."); *Christopher v. RJM Acquisitions LLC*, No. CV-13-02274-PHX-JAT, 2015 WL 437541, at *8 (D. Ariz. Feb. 3, 2015) ("an unsophisticated debtor could be confused by receiving two nearly identical letters that, using identical language, state that he or she has thirty days to dispute the debt").

In *Christopher*, the debt collector sent two letters containing the 30-day notices required by § 1692g(a). *Id*. at *1-2. There, the second letter was sent *outside* of the original 30-day window. *Id*. at *2. Even though the original 30-day period had ended, the court found the defendant violated § 1692e "by sending two letters to the same person, each representing that Plaintiff had thirty days from receipt of the letter to dispute the debt." *Id*. at *8. The court reasoned that "[t]he unsophisticated debtor might have a lot of questions when he or she receives the second letter," asking, for example:

> "Did the debt collector already 'assume this debt is valid,' since I did not respond to the first letter? If so, then why did the debt collector send me a second notice, saying that I have another thirty days? Does this new letter restart the thirty days mentioned in the first letter, or

> does the second letter act as an extension of the thirty days afforded by the first letter? If I don't respond to this second letter, will the debt collector actually assume that I owe this money, or will it send me yet another letter?"

*Id*.

A debtor receiving the Second Letter from Defendant would have many of the same questions. But here, the confusion would be even more material, because the original 30-day period is still in effect. Therefore, if the Second Letter caused the debtor to believe he had additional time, when he didn't, his confusion might have caused him to postpone sending a written dispute and miss his chance to obtain verification. *See* Section V.E., *infra* (regarding "overshadowing" under § 1692g(b)).

Defendant cites a case which reasoned that "[n]othing in the FDCPA prohibits a debt collector from giving a debtor more than the requisite 30-day validation period." Doc. 17-1 (citing *Brenker v. Creditors Interchange, Inc.*, 2004 U.S. Dist. LEXIS 4825 (S.D. NY 2004)). But this overlooks that, while a debt collector *may have* answered a dispute sent outside the 30-day period, it is not required to do so. "[E]ven a statement of intention to act in an entirely legal manner, absent an explanation of how that intention fits within the statutory validation period, can render the communication confusing to the unsophisticated consumer." *Seplak v. IMBS, Inc.*, No. 98 C 5973, 1999 WL 104730, at *3 (N.D. Ill. Feb. 23, 1999).

Courts have taken a similar position regarding a debt collector's omission of the phrase "in writing" in the notices required by § 1692g(a)(4) and § 1692g(a)(5). *See e.g., Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 870-71 (S.D. Tex. 2011) ("[I]f the consumer disputes the debt orally rather than in writing, the consumer loses the protections afforded by § 1692g(b); the debt collector is under no obligation to cease all collection efforts and obtain verification of the debt… The defendant's argument that its collection letter afforded the plaintiffs additional rights assumes that the defendant would have been legally obligated to provide the plaintiffs the information required by subsections 1692g(a)(4) and (a)(5) in response to oral requests…. Every district court to consider the issue has held that a debt collector violates §1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing."). The situation is analogous here, where a consumer may decide to put off writing to the collector, incorrectly believing that the collector is under a legal obligation to cease collection and respond to the dispute.

It has been observed that the line of cases Defendant cites "failed to consider that the subsequent notices misrepresented that the consumer's verification rights extended beyond the thirty days after receipt of the first verification rights notice." National Consumer Law Center Fair Debt Collection (R. Hobbs,) § 5.7.2.5.1 (8th ed. 2014). Because the consumer's verification rights do not actually extend

beyond the time frame set forth in the First Letter, the Second Letter's representation misleads the reader into believing that they do.

Accordingly, Defendant is not entitled to judgment on the pleadings on Plaintiff's claim under § 1692e.

### E. The Second Letter is also misleading based on the qualified § 1692g notice on the back of the First Letter.

The First Letter states on the reverse side that the disclosure of the § 1692g notices is applicable only "[i]f this is the first notice [the debtor] receive[s]…" Doc. 1-1 at 3.  This alone makes the Second Letter misleading, when read together with the First Letter, because the subsequent disclosure in the Second Letter conflicts with the statement in the First Letter that only the first disclosure of the rights was applicable. Furthermore, Plaintiff has pleaded that the reverse side of all of the letters Defendant sent, including the Second Letter, contains this statement. Doc. 1, ¶ 32. Assuming this fact to be true, the Second Letter is then also misleading because the disclosure on the front of stating Plaintiff had an additional 30 days in which to dispute directly conflicts with the back of the Second Letter stating that the disclosure was only meant to apply if it was the first notice Plaintiff had received.

**F.     The Second Letter violates the FDCPA at § 1692g(b), because it overshadows or contradicts the disclosure of the period set forth in the First Letter.**

Because the Second Letter was sent within the 30-day period set forth in the First Letter, it also violates § 1692g(b), because it is a communication which overshadows or contradicts the disclosure of the original 30-day window. Defendant argues that § 1692g is "focused on preventing the impression that the debtor has *less* than 30 days to exercise his rights." Doc. 17-1 at 9. It is true that communications that cause a debtor to overlook the existence of his § 1692g rights constitute an overshadowing violation. But so does a communication that causes the reader to believe his opportunity to exercise his rights is greater than it really is, because it is inconsistent with the original disclosure of the consumer's actual rights. Defendant's own case law suggests this.

### 1.     *Paige v. Waukesha Health System, Inc.*

Defendant criticizes Plaintiff for "making the identical argument made by the Plaintiff in *Paige v. Waukesha Health Sys.*" Doc. 17-1 at 11.

But that case specifically qualifies its holding, stating that "[t]he second validation notice, *after the thirty-day period required by statute expired*, neither affected the validity of the first validation notice nor hampered the consumer's exercise of rights during the statutory thirty-day period; thus, the consumer was not adversely affected." *Paige v. Waukesha Health System, Inc.*, No. 12-C-0601, 2013

WL 3560944, at *9 (E.D. Wis. July 11, 2013).

It goes on, in a footnote, to point out that it was not analyzing § 1692g(b) because the second notice fell outside of the first 30-day period. *Id*. at n. 3. The *Paige* court, in essence, recognized that sending a notice within the original 30-day period, as Defendant did here, would violate § 1692g(b).

### 2. *DiRosa v. North Share Agency, Inc.*

Just before referring to Plaintiff's claims as "frivolous" and "absurd," Defendant cited *DiRosa v. North Share Agency, Inc.*, 56 F. Supp. 2d 1039, 1040 (N.D.Ill. 1999), where in the court stated that "[it] d[id] not see how subsequent validation notices can violate §1692g." Doc. 17-1 at n. 22.

But in *DiRosa*, the crux of the defendant's argument was that sending "sequential validation notices cannot violate the statute *after the statutory validation period is over*." 56 F. Supp. 2d at 1040 (emphasis added). The court acknowledged that the subsequent validation notices were sent "even though the 30 days after the initial communication has long passed." *Id*. at 1039. It was on this basis that the court said: "We think plaintiff must rest upon § 1692e," as opposed to § 1692g(b). *Id*. at 1040. While the court "fail[ed] to see how plaintiff could be adversely confused" by subsequent notices and ultimately held § 1692e was not

15

violated[1], the *DiRosa* court clearly relied on the fact that the notices came *outside* of the statutory period, unlike what occurred here, in analyzing § 1692g(b). *Id*.

### 3. Defendant's primary citation does not even address sending multiple § 1692g notices.

The primary case Defendant relies on is *Warran v. Smith Debnam Narron Drake Saintsing & Myers, LLP*, No. 7:10-CV-71-BO, 2011 WL 10858230 (E.D.N.C. Apr. 19, 2011), a case which has not been cited in any other published opinion, even in Westlaw, and wherein the judge took note of the plaintiffs' counsel's recent sanction, *id*. at n. 1, and accused it of "using misleading legal support." *Id*. at *4. What's more, the case didn't even involve the sending of multiple validation notices. Instead, the debt collector gave the notices required by § 1692g(a), but stated that the plaintiff had 45 days, instead of 30 days, in which to respond.

After noting that the plaintiffs had "attempt[ed] no statutory analysis," the court went on to hold that "debt collectors do not violate the FDCPA by giving debtors more rights." *Id*. at *3. It completely ignored the fact that the defendant's letter was in direct violation of a clear congressional mandate to provide consumers with written statements regarding a 30-day period. It also ignored the fact that § 1692g(b) only applies "[i]f the consumer notifies the debt collector in

---

[1] In rejecting the *DiRosa* court's analysis with respect to § 1692e, this Court need only look to the questions raised by the *Christopher* court. *See* Section V.D., *supra*.

16

writing *within the thirty-day period described in subsection (a)* of this section…" 15 U.S.C. § 1692g(b) (emphasis added).

These issues, however, are ultimately irrelevant, since the legal analysis is completely distinct when there are multiple letters involved containing conflicting information. Accordingly, the *Warran* opinion lacks persuasive authority.

### G. There is a genuine dispute regarding whether Defendant actually would have responded to a dispute made pursuant to the Second Letter.

While Defendant's motion for judgment on the pleadings should be denied on substantive grounds, the Court may deny it for an independent reason. There is a legitimate dispute of fact over whether Defendant would have, in fact, honored Plaintiff's dispute.

Plaintiff has pleaded that it was a misrepresentation "that Plaintiff had an additional 30 days within which the debt could be disputed." Doc. 1, ¶ 29. Defendant makes a conflicting argument that it was offering an additional 30 days for Plaintiff to exercise his rights, but this is a factual dispute that cannot be resolved at this stage. *See Perez*, 774 F.3d at 1335 ("If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied."). The First Letter specifically states that the disclosure of the § 1692g notices is applicable only "[i]f this is the first notice [the debtor] receive[s]…" Doc. 1-1 at 3. So it is entirely conceivable that this argument

regarding additional time is simply a *post hoc* argument designed for the purposes of defending this litigation. Discovery may show that Defendant, in practice, actually does not honor disputes that fall outside the original 30-day period. In that case, Plaintiff's allegation that the Second Letter misrepresented that he could dispute after the original 30-day period had expired would be true, and judgment on the pleadings would not be appropriate.

Thus, the Court should deny Defendant's motion even if it does not reach the substantive legal issues.

## VI.   Conclusion

The Second Letter's inclusion of the § 1692g notices misleads the reader into believing that he has more time to exercise his rights under the FDCPA than he truly has. Because it was sent during the original 30-day window, it overshadowed or contradicts the language of the First Letter, thereby violating § 1692g(b). The First Letter's statement that the notice of rights only applied the first time the reader received a notice only further confuses the reader. What's more, Plaintiff has pleaded that this statement appears on the reverse side of each letter that Defendant sends. This calls into question Defendant's claim that, in fact, it was simply extending the time in which Plaintiff could exercise his rights. For the foregoing reasons, Defendant is not entitled to judgment on the pleadings.

Dated: July 30, 2015.

/s/ Marques J. Carter
Marques J. Carter
Georgia Bar No. 105133
Law Office of Marques J. Carter, LLC
3400 Chapel Hill Road, Suite 100
Douglasville GA 30135
(888) 595-9111
(866) 842-3303 (fax)
mcarter@consumerlawinfo.com
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2015, I electronically filed the foregoing Response to Motion for Judgment on the Pleadings with the Clerk of the District Court for the Middle District of Georgia, using the electronic case filing system of the Court which will send notification of the same to counsel of record below as follows:

Michael K. Chapman
John H. Bedard
Bedard Law Group
2810 Peachtree Industrial Blvd., Suite D
Duluth, GA 30097
mchapman@bedardlawgroup.com
JBedard@bedardlawgroup.com

s/ Christopher Bruner
Christopher Bruner