IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| STERLING BRIDGES, on behalf of himself and all others similarly situated | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 5:15-CV-38 (CAR) |
| | : | |
| PERFORMANT RECOVERY, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Sterling Bridges brings this action against Defendant Performant Recovery, Inc. pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, on behalf of himself and others similarly situated. Presently before the Court is Defendant's Motion for Judgment on the Pleadings. Having considered the pleadings, the parties' arguments, and relevant legal authority, Defendant's Motion [Doc. 17] is **GRANTED**. This case is **DISMISSED with prejudice**.

### STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings" pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[1] "Judgment on the pleadings is appropriate where there are no material facts

---

[1] FRCP 12(c).

in dispute and the moving party is entitled to judgment as a matter of law."[2]  Thus, the

standard of review for a motion for judgment on the pleadings is "almost identical to that

used to decide motions to dismiss."[3]

When considering a motion for judgment on the pleadings, the Court must accept

all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor

of the plaintiff, the non-movant.[4]  However, "the court need not accept inferences drawn

by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor

must the court accept legal conclusions cast in the form of factual allegations."[5]   A

complaint will survive judgment on the pleadings if it contains "sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"[6]

## BACKGROUND

The following facts are undisputed.  Defendant, a collection agency, sent Plaintiff

two letters regarding the collection of a debt incurred for personal purposes.[7]  The initial

written communication from Defendant was dated, February 7, 2014 (the "First Letter"),

and on the back of the letter it stated:

---

[2] *Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005) (internal quotation omitted).

[3] *Doe v. Bd. of Cnty. Comm'rs*, 815 F. Supp. 1448, 1449 (S.D. Fla. 1992).

[4] *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006).

[5] *Long v. Fulton Cnty. Sch. Dist.*, 807 F. Supp. 2d 1274, 1282 (N.D. Ga. 2011) (internal quotation omitted).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[7] Pl. Compl., [Doc. 1] at para. 20, 22, 25.

*If this is the first notice you receive, be advised that:*
UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER
RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDTY OF THIS
DEBT OR ANY PORTION THEROF, THIS OFFICE WILL ASSUME THIS
DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30
DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN
VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT
AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERFICIATION. IF
YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER
RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH
THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF
DIFFERENT FROM THE CURRENT CREDITOR.[8]

Approximately one month later, Defendant sent Plaintiff a second written communication,

dated March 4, 2014 (the "Second Letter"), that stated:

> Unless you notify Performant Recovery, Inc., within 30 days after receiving
> this notice that you dispute the validity of the debt, or any portion thereof,
> this office will assume the debt is valid. If you notify this office in writing
> within 30 days from receiving this notice, we will obtain verification of the
> debt or obtain a copy of judgment and mail you a copy of such verification or
> judgment. If you request us in writing within 30 days after receiving this
> notice, we will provide you with the name and address of the original
> creditor, if different from the current creditor. This is an attempt to collect a
> debt by a debt collector, and any information obtained will be used for that
> purpose.[9]

Plaintiff sent three letters to Defendant on March 5, March 19, and May 7, 2014.[10]

Each letter informed Defendant that Plaintiff could not pay the debt due to unemployment

and asked Defendant to please cease all communication with Plaintiff and his family

---

[8] Pl. Compl., [Doc. 1-1].
[9] Pl. Compl., [Doc. 1-2].
[10] Pl. Compl., [Docs. 1-3, 1-4, 1-5].

3

members pursuant to the FDCPA.[11]  Plaintiff filed a lawsuit on February 6, 2015, as a proposed class action, claiming Defendant violated 15 U.S.C. §§ 1692e and 1692g(b) of the FDCPA by sending the Second Letter within the original thirty (30) day time frame set out in the First Letter.[12]  Plaintiff claims the Second Letter is a statement that overshadows or is inconsistent with Plaintiff's right to dispute the debt during the original the 30-day period stated in the First Letter.[13]  Additionally, Plaintiff argues the Second Letter misrepresented that Plaintiff had an additional 30 days to dispute the debt.[14]

## DISCUSSION

The FDCPA was enacted to prevent debt collectors from using abusive debt collection practices, protect debt collectors who refrain from such practices, and promote consistent state action.[15]  "The FDCPA does not ordinarily require proof of intentional violation, and, as a result, is described by some as a strict liability statute."[16]  To establish a claim under the FDCPA, Plaintiff must show "(1) [he] has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."[17]  Plaintiff and Defendant do not dispute that Defendant is a debt collector

---

[11] *Id.*
[12] Pl. Compl., [Doc. 1] at para. 52, 55.
[13] *Id.* at para. 28, 29.
[14] *Id.* at para. 28, 29.
[15] *Newman v. Ormond*, 396 F. App'x, 636, 638 (11th Cir. 2010).
[16] *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).
[17] *Gesten v. Phelan Hallinan, PLC*, 57 F.Supp.3d 1381, 1385 (S.D. Fla. 2014) (internal quotation omitted).

4

attempting to collect a consumer debt from Plaintiff.  Instead, both parties dispute whether the Second Letter sent to Plaintiff was an act prohibited by the FDCPA.

Plaintiff claims Defendant violated 15 U.S.C. §§ 1692g(b) and 1692e of the FDCPA. In determining whether Defendant's Second Letter violated these sections, the Court will apply the "least sophisticated consumer" standard.[18]  The Eleventh Circuit, in a § 1692e analysis, described this standard as follows:

> "'The least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care."  However, the test has an objective component in that "[w]hile protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness ...."[19]

Although unclear whether the Eleventh Circuit applies this standard to claims brought under § 1692g, the Court assumes for purposes of summary judgment the "least sophisticated consumer" standard applies to claims under both § 1692e and § 1692g.[20]

## I.      15 U.S.C. § 1692g(b)

Under 15 U.S.C. § 1692g, a debt collector is required to provide written notice within five days of the initial communication to the consumer.  This written notice must include, among other things, a statement giving the consumer 30 days to dispute the

---

[18] *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175-77 (11th Cir. 1985).

[19] *LeBlanc*, 601 F.3d at 1194 (internal citations omitted) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2nd Cir. 1993); *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

[20] *See id.* at 1195, n.18; *Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 323 F.Supp.2d 1344, 1349 (N.D. Ga. 2003) ("Courts in the Eleventh Circuit use the 'least sophisticated consumer' standard when analyzing overshadowing claims."), *aff'd, as revised* (Aug. 3, 2004) 374 F.3d 1011 (11th Cir. 2004).

validity of the debt.[21]   Section 1692g(b) provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."[22]

According to Plaintiff, Defendant violated § 1692g(b) because the notice in the Second Letter misleads a consumer to believe he has 30 days from the date of the Second Letter to dispute the debt.   Plaintiff argues the statement in the Second Letter is false because the 30-day period begins to run when the First Letter is received, and once that 30-day period expires, a debt collector does not have to respond to a consumer's written disputes or cease collection activities.   Thus, sending the Second Letter within the original 30-day period "overshadows the disclosure of the actual 30-day period."[23]   Defendant counters that the Second Letter does not overshadow the 30-day period; in fact, it only extended Plaintiff's time to assert his rights and is therefore not a violation of the FDCPA. The Court agrees.

The Eleventh Circuit has not addressed FDCPA violations under § 1692g(b),  and therefore, has not yet defined what communications would "overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt."[24]   However, the District Court for the Southern District of Florida addressed this issue in *Gesten v.*

---

[21] 15 U.S.C. § 1692g(a).
[22] 15 U.S.C. § 1692g(b).
[23] Pl.'s Response to Def.'s Motion for Judgment on the Pleadings, [Doc. 18] at 4-5.
[24] 15 U.S.C. § 1692g(b).

*Phelan Hallinan, PLC,* and this Court finds that line of reasoning persuasive.[25]  In *Gesten,* the plaintiff received two identical collection letters on different dates, both informing the plaintiff of his right to dispute the debt within 30 days of receiving the notice.[26]  The plaintiff argued the second letter violated § 1692g(b) by creating "impermissible confusion as to the boundaries of the thirty day period for requesting validation of the alleged debt."[27]  The district court disagreed, finding the second letter merely granted additional time to dispute the debt, and the "required notice was therefore not overshadowed or contradicted.  Instead it was expanded and emphasized."[28]  Moreover, when courts have found § 1692g violations, the collection letters demand payment before the statutory 30-day period has expired, or the letters conceal the fact that the debtor has 30 days to dispute the debt.[29]

As in *Gesten,* Defendant's Second Letter only extended Plaintiff's time frame to

---

[25] *Gesten,* 57 F.Supp.3d 1381; *see also Young v. G.L.A. Collection Co., Inc.,* No. 1:11-cv-489-WTL-MJD, 2011 WL 6016650, *3 (S.D. Ind. Dec. 1, 2011) ("Receipt of the second notice, proscribing a second 30-day period for validation, does not in any way hamper the unsophisticated debtor's exercise of her rights to request validation of the debt."); *Brenker v. Creditors Interchange, Inc.,* No. 03 Civ.6500 LTS DFE, 2004 WL 594502, *3 (S.D. NY March 25, 2004) ("Since Plaintiff had properly been informed of that required validation period, a question as to whether Defendant had extended further that period is not one that would have vitiated the validity of the original notice."); *but see Christopher v. RJM Acquisitions LLC,* No. CV-13-02274-PHX-JAT, 2015 WL 437541, *8 (D. Ariz. Feb. 3, 2015) ("[T]he most naive, uniformed person could conceivably be confused as to his or her options after receiving the second letter.").

[26] *Gesten,* 57 F.Supp.3d at 1386.

[27] *Id.*

[28] *Id.* at 1386-87.

[29] *Id.* at 1387 (quoting *In re Hathcock,* 437 B.R. 696, 702 (M.D. Fla. Bankr. 2010)); *see also Terran v. Kaplan,* 109 F.3d 1428, 1433 (9th Cir. 1997) (citing 2nd, 3rd, and 4th Circuit cases that found violations of § 1692g where the least sophisticated consumer would believe payment or action was required before the statutory 30-day period expired) .

validate the debt.  Both the First and Second Letter accurately notify Plaintiff of the validation period and related rights under § 1692g.  Defendant's Second Letter does not overshadow the 30-day period allowed to dispute the debt or shorten this 30-day period.  Each letter simply states Plaintiff may dispute the debt within 30 days from the receipt of that letter, and Plaintiff has alleged no facts that Defendant would have refused to honor this extended deadline.  The § 1692g required notice was therefore not overshadowed or contradicted by Defendant's Second Letter.  Thus, Defendant did not violate § 1692g(b) of the FDCPA.

## II.      15 U.S.C. § 1692e

Under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."[30]  Plaintiff argues Defendant's letters violate this section because the Second Letter misrepresents the 30-day period time period to dispute the debt.  The Court has considered each of Plaintiff's arguments and is unpersuaded.  Defendant's letters are not false or misleading; in fact, both letters provided the required FDCPA notices and did not diminish Plaintiff's rights to dispute the debt.  The Second Letter only extended the 30-day period, and there is no factual allegation to suggest otherwise.  Thus, the Court finds Defendant's letters did not not violate § 1692e.

## CONCLUSION

Based on the foregoing, Defendant's Motion for Judgment on the Pleadings [Doc.

---

[30] 15 U.S.C. § 1692(e).

17] is **GRANTED**, and Plaintiff's action is **DISMISSED with prejudice**.

      **SO ORDERED**, this 14th day of December, 2015.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT