IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **STERLING BRIDGES, on behalf of himself and all others similarly situated** | : : : : | |
| **Plaintiff,** | : : | |
| v. | : : : | CIVIL ACTION NO. 5:15-CV-38 (CAR) |
| **PERFORMANT RECOVERY, INC.** | : : | |
| **Defendant.** | : : | |

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Sterling Bridges' Motion for Reconsideration of this Court's Order [Doc. 24] granting Defendant Performant Recovery, Inc.'s Motion for Judgment on the Pleadings. In that Order, the Court found Defendant's debt collection letters did not violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Plaintiff now requests this Court reconsider its findings pursuant to Federal Rule of Civil Procedure 60 and Local Rule 7.6. As explained below, Plaintiff's Motion for Reconsideration [Doc. 26] is **DENIED**.

### BACKGROUND

On February 6, 2015, Plaintiff filed an action against Defendant, a debt collection agency, claiming two letters sent to Plaintiff regarding the collection of debt violated the FDCPA. The First Letter, dated February 7, 2014, stated on the back of the letter:

> *If this is the first notice you receive, be advised that:*
> UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDTY OF THIS DEBT OR ANY PORTION THEROF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERFICIATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.[1]

While the body of the Second Letter, dated March 4, 2014, stated:

> Unless you notify Performant Recovery, Inc., within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, we will obtain verification of the debt or obtain a copy of judgment and mail you a copy of such verification or judgment. If you request us in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt by a debt collector, and any information obtained will be used for that purpose.[2]
>
> **SEE THE REVERSE SIDE FOR IMPORTANT INFORMATION**

Plaintiff alleged the Second Letter overshadowed or was inconsistent with Plaintiff's right to dispute the debt during the original 30-day period stated in the First Letter, and the Second Letter misrepresented that Plaintiff had an additional 30 days to dispute the debt; thus, the letters violated the FDCPA.

On December 14, 2015, the Court granted Defendant's Motion for Judgment on the

---

[1] Pl. Compl., [Doc. 1-1].
[2] Pl. Compl., [Doc. 1-2].

2

pleadings, finding the letters do not violate the FDCPA. Specifically, this Court found the Second Letter did not overshadow the 30-day period but instead extended the period allowed to dispute the debt. Additionally, Defendant's letters were not false or misleading, as the letters did not diminish Plaintiff's rights to dispute the debt and included the required FDCPA notices. Plaintiff now requests the Court to vacate and amend its order due to "mistake and other reasons."[3]

## STANDARD OF REVIEW

Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[4] "Reconsideration is appropriate 'only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law.'"[5] "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined. Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."[6] Ultimately, "[w]hether to grant a motion for reconsideration is within the sound discretion of the district

---

[3] Pl.'s Mtn. for Reconsideration, [Doc. 26] at p. 1. The Court notes Plaintiff did not attach the reverse side of the document to this Motion.
[4] M.D. Ga., L.R. 7.6.
[5] *Bingham v. Nelson*, No. 5:08-CV-246 (CAR), 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (quoting *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997)).
[6] *Am. Ass'n of People with Disabilities v. Hood,* 278 F.Supp.2d 1337, 1340 (M.D. Fla. 2003) (internal citations and quotation marks omitted).

court."[7]

## DISCUSSION

Plaintiff argues the Court's finding that "[e]ach letter simply states Plaintiff may dispute the debt within 30 days from the receipt of that letter" was incorrect because the reverse side of the Second Letter contained the qualifying statement, "[i]f this is the first notice you receive, be advised that…."[8]  Plaintiff contends the Second Letter tells consumers they have 30 days from receipt of the Second Letter to exercise their rights, but at the same time says they only have those rights if it is the first notice they received; thus, confusing consumers as to their rights under the FDCPA.[9]  According to Plaintiff, the Court may have overlooked this fact because, though stated in his Complaint, Plaintiff failed to attach the reverse side of the Second Letter to the Complaint or any other document submitted to the Court.  However, the Court disagrees.

Plaintiff's Complaint never alleged the reverse side of the Second Letter had the qualifying statement, "if this is the first notice you receive, be advised that…."  Instead, Plaintiff's Complaint simply states, "[u]pon information and belief, all written correspondence that Defendant mails to consumers in connection with the collection of debts *contain the 15 U.S.C. 1692g notices* on the reverse side, irrespective of whether they

---

[7] *Hankerson v. Drew*, No. 1:13–cv–1790–WSD, 2014 WL 2808218, at *3 (N.D. Ga. June 20, 2014) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-806 (11th Cir. 1993)).
[8] *Id*.
[9] *Id.* at p. 1-2.

4

are initial communication."[10] The Complaint fails to allege Defendant's debt collection letters all contain the qualifying statement, and Plaintiff fails to make this argument in his Response to Defendant's Motion for Judgment on the Pleadings.[11] Indeed, Plaintiff's Response only states the qualifying statement is on the back of the First Letter.[12] Plaintiff cannot now claim the Court "overlooked" that the Second Letter contained a contradiction when Plaintiff never alleged there was a qualifying statement on the Second Letter, never made this argument in its Response, and still has not presented the reverse side of the Second Letter as evidence to support this argument.[13]

Plaintiff is simply attempting to take a second "bite at the apple," which is not the purpose of a motion for reconsideration.[14] The Court finds Plaintiff has not made the requisite showing that the law has changed, new evidence has been discovered, the Court made a clear error of law, or the Order was manifestly unjust. Accordingly, Plaintiff's Motion for Reconsideration [Doc. 26] is **DENIED**.

---

[10] Pl. Compl., [Doc. 1] at para. 32 (emphasis added).

[11] The Court notes Plaintiff's Response does mention in the "Statement of Relevant Facts" section that all correspondences contain "these notices on the reverse side," but Plaintiff does not clarify which notice it is referring to—the notice on the back of First Letter, with the qualifying statement, or the notice in the Second Letter, without the qualifying statement. Additionally, the notice directly above this sentence is from the Second Letter, leading the Court to conclude Plaintiff's concern was that each letter gave a consumer 30 days to dispute the debt, not that the letter contradicted itself and caused confusion. *See* [Doc. 18] at p. 2-3.

[12] *See* [Doc. 18] at p. 6.

[13] *See Groover v. Michelin North America, Inc.*, 90 F.Supp.2d 1236, 1256 (M.D. Ala. 2000) ("Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration.").

[14] *See Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990) ("A district court's denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation.").

**SO ORDERED**, this 26th day of August, 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

CML/ssh